IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:17-cv-535

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | **JURY TRIAL DEMAND** |
| JAX, LLC D/B/A GOLDEN CORRAL, | ) ) ) | |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"); and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex and disability, and to provide appropriate relief to Sean Fernandez ("Fernandez"), who was adversely affected by such practices. Specifically, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Jax, LLC d/b/a Golden Corral ("Defendant") discriminated against Fernandez by subjecting Fernandez to a hostile work environment because of his sex (male) in violation of Title VII and disability in violation of the ADA. The Commission further alleges that Defendant constructively discharged Fernandez in violation of both Title VII and the ADA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §§ 2000e–5(f)(1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964 and Title I of the ADA.  The Commission is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII; 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 107(a) of the ADA, which incorporates by reference Section 706(f)(1) and (3) of Title VII.

4.      At all relevant times, Defendant, a North Carolina corporation, has continuously been doing business in Matthews, North Carolina, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h); and Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>CONDITIONS PRECEDENT</u>

7.      More than thirty days prior to the institution of this lawsuit, Fernandez filed a charge with the Commission alleging violations of Title VII and the ADA by Defendant.

8.      On February 21, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII and the ADA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On July 7, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

13.     Fernandez was hired by Defendant as a dishwasher at its restaurant located at 11025 East Independence Boulevard, Matthews, North Carolina 28105 ("East Independence restaurant") on or around February 26, 2014.

14.     Fernandez successfully performed his job duties as a dishwasher at Defendant's East Independence restaurant throughout his employment with Defendant.

15.     The number of days that Fernandez worked at Defendant's East Independence restaurant each week varied, but usually ranged from two to five days per week.

3

16.     Prior to January 16, 2016, Fernandez was always or almost always scheduled to work the closing shift at Defendant's East Independence restaurant.

17.     During Fernandez's employment, a certain and specific male assistant manager ("Assistant Manager") was usually the sole manager on duty during the closing shift at Defendant's East Independence restaurant, and therefore was usually the manager who supervised Fernandez.

18.     The Assistant Manager had the authority to take tangible employment actions against Fernandez.

19.     The Assistant Manager was empowered to influence or recommend tangible employment actions against Fernandez

20.     Fernandez is a male with high functioning autism.  Fernandez's disability (autism) is a neurodevelopmental disorder that substantially limits Fernandez's neurological system, brain function, ability to communicate and ability to interact with others.

21.     Fernandez's disability is open and obvious; therefore, at Fernandez's hire or shortly thereafter, Defendant had knowledge of Fernandez's disability.

22.     Defendant never provided Fernandez with any harassment or discrimination training during Fernandez's employment.

23.     While Defendant did provide Fernandez with a copy of Defendant's anti-harassment policy as contained in its employee handbook, none of Defendant's employees reviewed the policy or the handbook with Fernandez to ensure Fernandez understood the contents of either.

24.     Fernandez's disability precluded Fernandez from independently reviewing and understanding Respondent's anti-harassment policy or Respondent's employee handbook.

4

Harassment/Hostile Work Environment Based on Sex

25.     From at least September 2014 and possibly sooner until around January 16, 2016, Defendant engaged in unlawful employment practices at Defendant's East Independence restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-(2)(a)(1). Specifically, Defendant discriminated against Fernandez by subjecting him to severe or pervasive sexual comments and conduct that created a sexually hostile work environment.  The comments and conduct, which were committed by the Assistant Manager, were unwelcome to Fernandez.

26.     From at least September 2014 and possibly sooner until around January 16, 2016, the Assistant Manager subjected Fernandez to comments that were sexual in nature at least one time per week, such as:

a.     Telling Fernandez to get on his (Fernandez's) knees and suck the Assistant Manager's "cock;"

b.     Threatening to "ass rape" Fernandez;

c.     Telling Fernandez that Fernandez could use his (Fernandez's) hand to "jerk off" the Assistant Manager;

d.     Telling Fernandez that Fernandez could "deep throat" the Assistant Manager's "cock;"

e.     Telling Fernandez that the Assistant Manager would "clean [Fernandez's] tonsils" with the Assistant Manager's penis;

f.     Telling Fernandez that he could "massage" Fernandez's mouth and tonsils with his penis;

g.     Telling Fernandez to "bend over and take it like a man;"

5

h.      Telling Fernandez, "damn, you got a pretty mouth, and you have pretty lips;" and

i.      Using profane language including pussy, nigger, shit, bitch, asshole, fuck, hoe, dick, cock, and motherfucker in Fernandez's presence, despite Fernandez complaining to the Assistant Manager against such language.

27.     The Assistant Manager also subjected Fernandez to physical conduct that was sexual in nature:

a.      On one occasion, the Assistant Manager grabbed Fernandez by the shoulders and told Fernandez to give him (the Assistant Manager) a "blow job;"

b.      On a separate occasion, the Assistant Manager pinched Fernandez's buttocks; and

c.      On or around January 9, 2016 the Assistant Manager sexually assaulted Fernandez by sticking his (the Assistant Manager's) thumb between Fernandez's buttocks and digitally penetrating Fernandez's rectum.

28.     The Assistant Manager also yelled "do you wanna get fired?" at Fernandez at least one time per week, leaving Fernandez feeling threatened with regard to his (Fernandez's) employment.

29.     Fernandez was subjected to sexual harassment which created a sexually hostile work environment based on his sex, male.

30.     On or around January 9, 2016, after the Assistant Manager sexually assaulted Fernandez, the Assistant Manager yelled "do you wanna get fired?" at Fernandez and told Fernandez "don't bother coming in tomorrow."

6

31.     On or around January 16, Fernandez, accompanied by his parents, went to the East Independence restaurant and filed a formal complaint with the General Manager and a District Manager.

32.     After leaving the East Independence restaurant, Fernandez and his parents filed a police report against the Assistant Manager.

33.     On or around January 19, 2016, Fernandez received a call from Defendant's Human Resources Manager.  The Human Resources Manager interviewed Fernandez, who reiterated the Assistant Manager's conduct, Fernandez's earlier complaints to the Assistant Manager, and the fact that Fernandez is autistic.

34.     Defendant never notified Fernandez that it would take any action to stop the Assistant Manager's sexual based comments and/or conduct and never reported the results of its investigation, if any, to Fernandez.

35.     Fernandez never returned to work at Defendant's East Independence restaurant because he was fearful of encountering the Assistant Manager if he returned to work.

36.     Defendant is vicariously liable for the sexual harassment.

37.     Defendant failed to thoroughly and adequately investigate Fernandez's January 16 allegations of sexual harassment against the Assistant Manager. Defendant failed to provide prompt, effective remedial relief to Fernandez following Fernandez's January 16 complaint.

38.     Because of Defendant's failure to take effective action to prevent and correct the hostile work environment at its East Independence restaurant, Fernandez was unable to return to work.

39. The effect of the practices complained of above has been to deprive Fernandez of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male.

40. The unlawful employment practices complained of above were intentional.

41. The unlawful employment practices complained of above were done with malice or with reckless indifference to Fernandez's federally protected rights.

Harassment/Hostile Work Environment Based on Disability

42. From around March or April 2014 until around January 16, 2016, Defendant engaged in unlawful employment practices at Defendant's East Independence restaurant, in violation of and Section 102(a) of the ADA, 42 U.S.C. § 12112(a). Specifically, Defendant discriminated against Fernandez by subjecting him to severe or pervasive comments and conduct that created a hostile work environment based on Fernandez's disability. The comments and conduct, which were committed by the Assistant Manager, were unwelcome to Fernandez.

43. In addition to comments and conduct described in paragraphs 26, 27, and 28 above, throughout Fernandez's employment, the Assistant Manager subjected Fernandez to comments that were based on Fernandez's disability at least one time per week, such as:

      a. Referring to Fernandez as "retard" to co-workers in Fernandez's earshot;

      b. Calling Fernandez "stupid" on multiple occasions;

      c. Asked Fernandez if Fernandez was "on drugs or crack;" and

      d. Telling Fernandez "you know you got problems . . . you're weird."

44. On at least one occasion, the Assistant Manager instructed Fernandez not to sit in view of customers while on breaks due to Fernandez's incontrollable twitches and other behavior caused by Fernandez's disability.

8

45.     Fernandez was subjected to harassment which created a hostile work environment based on Fernandez's disability.

46.     On or around January 16, Fernandez, accompanied by his parents, went to the East Independence restaurant and filed a formal complaint with the General Manager and a District Manager.

47.     On or around January 19, 2016, Fernandez received a call from Defendant's Human Resources Manager.  The Human Resources Manager interviewed Fernandez, who reiterated the Assistant Manager's conduct, Fernandez's earlier complaints to the Assistant Manager, and the fact that Fernandez is autistic.

48.     Defendant never notified Fernandez that it would take any action to stop the Assistant Manager's sexual based comments and/or conduct and never reported the results of its investigation, if any, to Fernandez.

49.     Fernandez never returned to work at Defendant's East Independence restaurant because Fernandez was fearful of encountering the Assistant Manager if he returned to work.

50.     Defendant is vicariously liable for the disability-based harassment.

51.     Defendant failed to thoroughly and adequately investigate Fernandez's January 16 allegations of disability-based harassment against the Assistant Manager. Defendant failed to provide prompt, effective remedial relief to Fernandez following Fernandez's January 16 complaint.

52.     Because of Defendant's failure to take effective action to prevent and correct the hostile work environment at its East Independence restaurant, Fernandez was unable to return to work.

53. The effect of the practices complained of above has been to deprive Fernandez of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

54. The unlawful employment practices complained of above were intentional.

55. The unlawful employment practices complained of above were done with malice or with reckless indifference to Fernandez's federally protected rights.

<u>Constructive Discharge</u>

56. After Fernandez was sexually assaulted on or around January 9, 2016, Fernandez requested to the General Manager of the East Independence restaurant to be moved to only morning shifts. Fernandez made this request because Fernandez believed the Assistant Manager did not work morning shifts. Fernandez's request was granted.

57. Fernandez appeared for work on the first day Fernandez was scheduled for a morning shift, on or around January 16, 2016. Fernandez learned that the Assistant Manager was working during the morning shift on that day, which confused and upset Fernandez.

58. Fernandez continued working. When Fernandez went outside to take boxes to the trash area, the Assistant Manager followed Fernandez outside. While outside, the Assistant Manager asked Fernandez if Fernandez wanted the Assistant Manager to "massage" Fernandez's tonsils with the Assistant Manager's "cock."

59. Immediately following this interaction, Fernandez approached the General Manager and made up a story about vomiting because Fernandez knew the General Manager would send home any employee who vomited while at work.

60. Later that day, January 16, Fernandez confided in his mother everything that had been happening at work.

10

61. On or around January 16, Fernandez, accompanied by his parents, went to the East Independence restaurant and filed a complaint with the General Manager and a District Manager.

62. After leaving the East Independence restaurant, Fernandez and his parents filed a police report against the Assistant Manager.

63. Fernandez never returned to work at Defendant's East Independence restaurant. Fernandez was fearful of encountering the Assistant Manager again if he returned to work.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from harassment based on sex, or any other employment practice that discriminates on the basis of sex.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from harassment based on disability, or any other employment practice that discriminates on the basis of disability.

C. Order Defendant to make Fernandez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Fernandez whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial.

E. Order Defendant to make Fernandez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including

but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights, in amounts to be determined at trial.

       F.      Order Defendant to pay Fernandez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

       G.      Grant such further relief as the Court deems necessary and proper in the public interest.

       H.      Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

This 8th day of September, 2017.

Respectfully submitted:

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/ **Lynette A. Barnes***
LYNETTE A. BARNES
Regional Attorney
N.C. Bar No. 19732

YLDA MARISOL KOPKA
Supervisory Trial Attorney
Illinois Bar No. 6286627

*s/ **Yolanda W. Brock***
YOLANDA W. BROCK
N.C. Bar No. 36651
Trial Attorney
**EQUAL EMPLOYMENT**

12

**OPPORTUNITY COMMISSION**
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6463
Facsimile: (704) 954-6412
Email: yolanda.brock@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**