UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00535-RJC-DCK

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CONSENT DECREE |
| JAX, LLC D/B/A GOLDEN CORRAL, | ) ) ) | |
| Defendant. | ) ) ) | |
| and | ) ) ) | |
| SEAN FERNANDEZ, | ) ) ) | |
| Plaintiff-Intervenor, | ) ) | |
| v. | ) ) | |
| JAX, LLC D/B/A GOLDEN CORRAL, and CORNEALIUS TAYLOR, | ) ) ) ) | |
| Defendants. | | |

**THIS MATTER** comes before the Court on the parties' Joint Motion for Entry of Consent Decree, (Doc. No. 20).

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the

1

Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, and Section 102 of the Civil Rights Act of 1991 (the "ADA"), 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Jax, LLC d/b/a Golden Corral ("Defendant") discriminated against Sean Fernandez by subjecting Fernandez to a hostile work environment because of his sex (male), in violation of Title VII, and disability, in violation of the ADA. The Commission further alleges that Defendant constructively discharged Fernandez in violation of both Title VII and the ADA. Thereafter, Sean Fernandez intervened, through counsel, alleging violations of Title VII, the ADA, and state law. Defendant has denied the allegations of the Commission and Fernandez.

The Commission, Plaintiff-Intervenor, and the Defendant, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that (1) the Court has jurisdiction over the parties and the

subject matter of this action, (2) the purpose and provisions of Title VII and the ADA will be promoted and effectuated by the entry of the Consent Decree, and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of sex or disability within the meaning of Title VII and/or the ADA, including by failing to prevent and correct a hostile work environment on the basis of sex or disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under those statutes.

3. Defendant shall pay the sum of Eighty Five Thousand Dollars ($85,000.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Sean Fernandez c/o Strianese Huckert, LLP, Trustee for Sean Fernandez. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Plaintiff-Intervenor counsel Tamara Huckert of

Strianese Huckert, LLP at 3501 Monroe Rd., Charlotte, North Carolina 28205. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Plaintiff-Intervenor counsel. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Fernandez may or may not incur on such payments under local, state, and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Sean Fernandez any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2016-01359 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety-five (95) days after the Consent Decree is entered, the District Manager, Human Resources Manager, and General Manager for Defendant's facility in Matthews, North Carolina shall prepare, sign, and distribute to employees at that facility a letter containing the following: (a) a statement that Title VII of the Civil Rights Act of 1964 prohibits discrimination

and/or harassment based on sex; (b) a statement that the Americans with Disabilities Act of 1990 prohibits discrimination and harassment based on disability; (c) a statement that Defendant is distributing the letter and its revised policy (described in paragraph 6) by agreement with the Equal Employment Opportunity Commission; (d) a statement that any employee, including any assistant manager, manager, or supervisor, who is found to have used sexually offensive or disability-based offensive language or who is found to have engaged in sexually offensive or disability-based offensive conduct shall be subject to discipline, up to termination; (e) a statement that any manager or supervisor who fails to take appropriate action in accordance with Defendant's revised policy (as described in paragraph 6) in response to an employee's complaint of harassment and/or discrimination shall be subject to discipline, including possible termination; and (f) a statement that no employees will be subjected to retaliation for making complaints of discrimination and/or harassment. The letter shall be signed by the District Manager, Human Resources Manager, and General Manager for Defendant's Matthews, North Carolina facility. Defendant shall attach the anti-discrimination policy discussed in paragraph 6 to the above-described letter. Within one hundred (100) days after the entry of this decree, Defendant shall report its compliance with this paragraph to the Commission.

6. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall revise and replace its current anti-discrimination policy with a revised policy, which shall include but not be limited to the following requirements:

   a. an explanation of the requirements of the federal equal employment opportunity laws, including both Title VII and its prohibition against sexual harassment, and the ADA and its prohibition against disability-based harassment;

   b. a definition of harassment along with examples of sexual harassment and disability-based harassment to supplement the definition of harassment;

   c. a statement that employees may report harassment to any manager, including the District Manager, Human Resources Manager, General Manager, Kitchen Managers, and Hospitality Managers;

   d. The policy shall provide for the posting at each of Defendant's restaurants of a notice identifying the then current aforementioned managers for that particular restaurant by full name, job title, and provide an email as well as a telephone number at which each manager may be contacted. If at any time during the term of this Consent Decree Defendant's designated managers for a particular restaurant change, Defendant shall update the posting in that restaurant within ten (10) days of the change;

   e. a statement that all managers, including the District Manager, Human Resources Manager, General Manager, Kitchen Manager, and Hospitality Manager, actively monitor their work areas to ensure employees' compliance with the company's anti-discrimination policy;

   f. a statement that if any manager, including the District Manager, Human Resources Manager, General Manager, Kitchen Manager, or Hospitality Manager, observes, receives an oral or written

complaint, or otherwise obtains information from any reasonably credible source regarding possible harassment, the manager(s) shall promptly report such information to the Human Resources Manager.

g. a statement that the Human Resources Manager (or his or her designee) shall document all such oral or written complaints or other information regarding a report of possible harassment;

h. a statement that when the Human Resources Manager is notified of information from any reasonably credible source indicating that harassment may have occurred, an investigation of the possible harassment will be conducted, unless Defendant determines that other prompt corrective action will be taken to stop the alleged harassment.

i. a statement that for purposes of the revised policy: (i) if Defendant views a source of information indicating harassment may have occurred as not "reasonably credible," Defendant will document the specific reason(s) why it finds the source of such information to be not "reasonably credible;" and (ii) mere dislike or suspicion of a particular individual is not a sufficient reason to find a source of information to be not reasonably credible.

j. a procedure for the prompt commencement of an investigation after a complaint is made or received and for appropriate remedial action to be taken upon conclusion of an investigation, such as written discipline, where merited, suspension without pay, termination, and temporary or permanent transfer to a different shift or facility;

k. a statement that no form of retaliation against the target of harassment, individuals who provide information, or other individuals contacted in the course of or otherwise involved in a harassment investigation will be tolerated and that any such retaliation will result in serious disciplinary action, including possible discharge;

l. a statement that any manager who permits harassment to occur, fails to report harassment, or fails to implement measures outlined

    in the anti-discrimination policy to remedy harassment be appropriately disciplined, up to and including termination, suspension without pay, or demotion, and that a record of such discipline be placed permanently in his or her personnel file;

 m. a statement that Defendant will follow up with individual(s) reporting the alleged harassment and the target of the alleged harassment at the conclusion of the investigation, to notify those individuals that Defendant has taken corrective action, as appropriate, where merited, to address the alleged harassment; and

 n. a statement that all information (correspondence, witness statements, notes, etc.) related to a harassment investigation be retained in a designated file.

Defendant shall distribute to each current employee a copy of the policy within the aforementioned 90-day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

 7. Within ninety-five (95) days of the entry of this decree, if Cornealius Taylor ("Taylor") is still employed by Defendant, Defendant shall require Taylor to read Defendant's anti-discrimination policy as revised pursuant to paragraph 6, and to certify that he will comply with that policy going forward. If Defendant receives verbal or written notice that Taylor has engaged in any offensive sexual or disability-based comments and/or conduct

8

during the duration of this Consent Decree, and the alleged comments and/or conduct are confirmed upon an investigation pursuant to Defendant's policy described in paragraph 6, *supra*, Defendant shall promptly terminate Taylor's employment.

Within one hundred (100) days of the entry of this decree, Defendant shall report compliance with the first sentence of this paragraph to the Commission. Within ten (10) days of taking any action against Taylor pursuant to this paragraph, Defendant shall report the action taken and provide a detailed summary of the conduct allegedly engaged in by Taylor. Within fourteen (14) days of receipt of the reports required in this paragraph, the Commission may seek and obtain additional information from Defendant. Defendant shall have fourteen (14) days or as much time as the parties may agree, to provide the requested information to the Commission.

8. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in all of its North Carolina facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 100 days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9. During the term of this Consent Decree, Defendant shall provide

an annual training program to all of its managers, including its General Manager, Kitchen Manager, and Hospitality Manager, and employees at its Matthews, North Carolina location. Each training program shall include an explanation of: (a) the requirements of Title VII of the Civil Rights Act of 1964; (b) the requirements of the Americans with Disabilities Act of 1990 ("ADA"); (c) Title VII's prohibition against harassment based on sex; (d) the ADA's prohibition against harassment based on disability; and (e) the prohibition under Title VII and the ADA against retaliation in the workplace.

Each training program shall also include: (a) an explanation of Defendant's anti-discrimination policy referenced in paragraph 6 above; (b) an explanation of the rights and responsibilities of employees, supervisors, managers, and human resources employees under Defendant's anti-discrimination policy (referenced in paragraph 6 above).

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the

agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees at its Matthews, North Carolina facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information with respect to Defendant's Matthews, North Carolina facility:

> A. the identities of all individuals, if any, who have complained either verbally or in writing of unwelcome conduct based on sex or disability, including conduct the individual believed to be sexual harassment or disability-based harassment, or

believed to be a violation of Defendant's policy referenced in paragraph 6 above. The "identity" of the individual should include the individual's name, telephone number, address, and job title;

B. a detailed description of the complaint made by any individual identified in response to paragraph 11.A. if the complaint was made verbally, or a copy of the written complaint if the complaint was made in writing;

C. a detailed summary of the action taken by Defendant in response to any complaint made by any individual identified in response to paragraph 11.A.;

D. for each individual identified in 11.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) since Defendant was notified of his or her complaint;

E. for each individual whose employment status has changed as identified in 11.D. above, a detailed statement explaining why the individual's employment status has changed;

F. copies of all written complaints from employees or statements from designated managers that were forwarded to the Human Resources Manager pursuant to the terms of paragraph 6, including the full name, last-known address, and last-known phone number of each individual identified in the complaint(s) and/or statement(s);

G. describe all actions taken in response to the complaint(s) identified in response to 11.F above and identify each person involved in investigating the complaint(s) and taking action on the complaint(s); and

H. a written explanation concerning information received regarding potential harassment that Defendant deemed to be not "reasonably credible" as defined in 6.i above.

Defendant shall provide the social security number of an individual identified in response to any subsection of paragraph 11 within three (3) business days of a request by the Commission. Defendant shall provide copies of all documents made or kept by Defendant related to sources of information Defendant deemed to be not "reasonably credible" as defined in 6.i above within three (3) business days of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's Matthews, North Carolina facility for postings pursuant to paragraphs 8 and 10 above without notice to Defendant or its attorneys. The Commission may interview employees and copy non-privileged documents regarding Defendant's compliance with the Consent Decree upon three (3) or more business days' written notice to Christian Shinkle, Human Resources (cshinkle@jaxllc.net).

13. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have

fifteen (15) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law. The parties agree to work in good faith to resolve such issues, including granting extensions of the deadlines referenced above as necessary, without the need for Court intervention.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Christian Shinkle, Human Resources at (cshinkle@jaxllc.net). If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity

Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: November 28, 2018

Robert J. Conrad, Jr.
United States District Judge

This the 13th day of July 2018. The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **JAX LLC, DBA GOLDEN CORRAL, Defendant** |
| | **s/ Keith Weddington** |
| JAMES L. LEE<br>Deputy General Counsel | Keith Weddington (NC Bar # 14352)<br>Parker Poe Adams & Bernstein, LLP<br>401 South Tryon Street, Suite 3000 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | Charlotte, NC 28202<br>Office: 704.335.9035<br>Fax: 704.334.4706<br>Email: keithweddington@parkerpoe.com |
| **s/ Kara Gibbon Haden**<br>KARA GIBBON HADEN<br>N.C. Bar No. 26192<br>Acting Regional Attorney<br>129 West Trade Street, Suite 400<br>Charlotte, NC 28202<br>E-mail: kara.haden@eeoc.gov | **ATTORNEY FOR DEFENDANT** |
| YLDA KOPKA<br>Supervisory Trial Attorney | |
| **s/ Yolanda W. Brock**<br>Yolanda W. Brock (NC Bar # 36651)<br>Senior Trial Attorney<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, NC 28202<br>Telephone: (704) 954-6463<br>Facsimile: (704) 954-6412<br>E-mail: yolanda.brock@eeoc.gov | |
| **ATTORNEYS FOR PLAINTIFF** | |

SEAN FERNANDEZ, Plaintiff-Intervenor

s/ Tamara Huckert
Tamara Huckert
NC Bar No. 35348
Strianese Huckert, LLP
3501 Monroe Rd.
Charlotte, NC 28205
Telephone: 704-966-2101
Facsimile: 704-998-5301
Email: tamara@strilaw.com

ATTORNEY FOR PLAINTIFF-INTERVENOR SEAN FERNANDEZ